CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 12 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| DARRYL S. HARRIS, ) | |
| Petitioner, ) | Civil Action No. 7:05-cv-00615 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE JOHNSON, DIRECTOR, ) | By: Hon. James C. Turk |
| Respondent. ) | Senior United States District Judge |
| ) | |

Petitioner Darryl S. Harris, a Virginia inmate, #297030, and proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254. Harris challenges the validity of his confinement under two December 2000 convictions entered by the Circuit Court for Botetourt County for child neglect and abuse and eluding police. Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing §2254 Cases,[1] because Harris has not exhausted his state court remedies as to the claims he presents here.

Under 28 U.S.C. § 2254(b), a federal court cannot grant habeas relief on any claim unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted as to that claim. Preiser v. Rodriguez, 411 U.S. 475 (1973). The exhaustion requirement is satisfied by presenting the claim in the highest state court with jurisdiction to consider the claim, either through direct appeal or state habeas proceedings, depending on the nature of the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. If the petitioner has failed to exhaust state court remedies as to any claim, the federal court

---

[1] A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

1

must dismiss the claim without prejudice. Slayton v. Smith, 404 U.S. 53 (1971).

Harris admits that he did not raise these claims at trial. He also states that the Court of Appeals of Virginia has denied his two prior appeals because he failed to submit all necessary transcripts.[2] After each of these denials, Harris filed a state habeas petition in the Supreme Court of Virginia, alleging that appellate counsel provided ineffective assistance in failing to file the transcripts for the appeal. In May 2005, the Supreme Court of Virginia granted Harris a third chance to appeal. He states that his appeal is currently pending before the Court of Appeals of Virginia.

The petition clearly shows that Harris has not presented his claims to the Supreme Court of Virginia as required for exhaustion. Harris argues that despite his pending appeal, this court should address his current constitutional claims now under § 2254 because the state courts will ultimately deny relief, as counsel failed to raise the claims at trial.[3] The fact that he may not prevail in state appeal or habeas proceedings does not excuse him from complying with the exhaustion requirement, however. See, e.g., Engle v. Isaac, 456 U.S. 107, 130 (1982) (habeas petitioner "may not bypass the state courts simply because he thinks they will be unsympathetic to the claim"). Petitioner's failure to exhaust his state remedies mandates summary dismissal of his petition by this court.[4] Petitioner is also advised that if the court allowed petitioner to proceed with this petition, any future

---

[2]Harris previously filed a federal habeas petition challenging the same convictions. Case No. 7:04-cv-00694. In that case, after discussing the procedural history of Harris' charges at length, the court dismissed all claims related to these Botetourt County charges without prejudice as unexhausted because Harris had been granted a belated appeal.

[3]Harris raises two claims: (1) subsection (b) of Virginia Code §18.2-371.1 is unconstitutional, both on its face and as applied to the Harris case; and (2) by imposing multiple punishments on Harris for the same act, the trial court violated Double Jeopardy principles.

[4]Petitioner may refile his federal habeas petition if he is unsuccessful in obtaining relief after presenting his claims to the Virginia Supreme Court on appeal or in habeas proceedings.

2

§ 2254 habeas petition he might wish to file after completion of state appeals and habeas proceedings would be barred from review as successive. See 28 U.S.C. § 2244(b). An appropriate order will be entered this day.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and final order to petitioner.

ENTER: This 7th day of October, 2005.

/s/ James C. Turk
Senior United States District Judge

3